UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

YOANDRY DE LA ROSA,
BENJAMIN FELIZ MATEO, and
MAXIMO GUTIERREZ,

      Plaintiffs,                                    CASE NO.: 1:23-cv-23310-KMW

v.

SETAI HOTEL ACQUISITION LLC,

      Defendant.
_____/

## JOINT CONFERENCE REPORT

Plaintiffs, YOANDRY DE LA ROSA, BENJAMIN FELIZ MATEO, and MAXIMO GUTIERREZ, and Defendant, SETAI HOTEL ACQUISITION LLC, pursuant to Federal Rule of Civil Procedure 26(f) and Southern District of Florida Local Rule 16.1, hereby submit this Joint Conference Report:

**(A)    The Likelihood of Settlement**

The Parties are presently reviewing each other's claims and defenses and will continue to make a good faith effort to explore the possibility of settlement. If the Parties reach an agreement to settle the case, the Parties will promptly notify the Court.

**(B)    The Likelihood of Appearance of Additional Parties**

None that are known at this time.

**(C)    Proposed Limits on Time**

The Parties refer the Court to the "Schedule Jointly Proposed by the Parties" attached hereto as Exhibit 2, as required by this Court's Order of Referral and Notice of Court Practice and Procedures.

**(D)     Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

The Parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**(E)     The necessity or desirability of amendments to the pleadings**

None at this time.

**(F)     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Deed for Advance Rulings from the Court on the Admissibility of Evidence**

The Parties will work together to streamline the issues before this Court, obtain appropriate admissions and stipulations, and seek advance rulings from the Court regarding the admissibility of evidence.

**(G)     Suggestions for the Avoiding Unnecessary Proof and Cumulative Evidence**

None at this time.  However, the Parties will consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

**(H)     Suggestions referring matters to Magistrate Judge or Master**

The Parties agree that a United States Magistrate Judge may hear and rule on matters related to discovery only.  The Parties do not consent to the use of a United States Magistrate Judge to rule on dispositive motions or to conduct the trial on this cause.

**(I)     A preliminary estimate of the time required for trial**

The Parties estimate that a seven day trial is appropriate based on present information about the facts.

**(J)      Requested date for conferences before trial, final pretrial conference, and trial**

The Parties propose that the final pretrial conference and/or calendar call to take place on or about January 20, 2025, and propose that the trial take place during February 2025.

**(K)      Issues concerning disclosure, discovery, or preservation of electronically-stored information, claims of privilege or protection as trial-preparation materials, and ESI checklist**

The Parties intend to cooperate to the greatest extent possible concerning disclosure, discovery and preservation of electronically-stored discovery. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it.

**(L)      Other helpful information for setting case for status or pretrial conference:**

None at this time.

DATED this 1st day of November 2023.

Respectfully submitted,

| **DEREK SMITH LAW GROUP, PLLC** | **GORDON REES SCULLY MANSUKHANI** |
|---|---|
| */s/ Kyle T. MacDonald* | */s/ Eric R. Thompson* |
| Kyle T. MacDonald, Esq. | Robin Taylor Symons |
| Florida Bar No.: 1038749 | Rsymons@grm.com |
| DEREK SMITH LAW GROUP, PLLC | Florida Bar No.: 356832 |
| 520 Brickell Key Drive, Suite O-301 | Eric R. Thompson |
| Miami, Florida 33131 | Ethompson@gordonrees.com |
| Tel: (786) 568-8120 | Florida Bar No. 888931 |
| Fax: (305) 503-6741 | GORDON REES SCULLY MANSUKHANI |
| kyle@dereksmithlaw.com | Miami Tower |
| | 100 S.E. Second Street, Suite 3900 |
| *Counsel for Plaintiff* | Miami, FL 33131 |
| | Telephone: (305) 428-5300 |
| | Facsimile: (877) 644-6209 |
| | |
| | *Counsel for Defendant Setai Acquisition LLC* |