# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

YOANDRY DE LA ROSA,
BENJAMIN FELIZ MATEO, and
MAXIMO GUTIERREZ,

       Plaintiffs,                                      CASE NO.: 1:23-cv-23310-KMW

v.

SETAI HOTEL ACQUISITION LLC,

       Defendant.
_____/

## JOINT MOTION FOR CONTINUANCE OF TRIAL AND ALL PRE-TRIAL DEADLINES

      Plaintiffs, Benjamin Feliz Mateo and Maximo Gutierrez (collectively, the "Plaintiffs"), and Defendant, Setai Hotel Acquisition, LLC, ("Defendant"), hereby move this Court for a continuance of trial and all remaining pre-trial deadlines contained in the Scheduling Order [ECF No. 15], and state as follows:

1. The Scheduling Order sets this case for trial on the Court's two-week trial calendar beginning on November 4, 2024 and provides the following pertinent pre-trial deadlines:

   a. May 24, 2024 discovery completion deadline,

   b. June 7, 2024 mediation completion deadline,

   c. June 21, 2024 filing of dispositive pre-trial motions and memoranda of law deadline,

   d. August 19, 2024 filing of motion in limine deadline,

   e. September 13, 2024 filing of joint pre-trial stipulation, exhibit lists, and witness lists deadline,

    f. September 13, 2024 filing of deposition designations deadline.

  2. The Parties' counsel have acted diligently to attempt to meet those deadlines. They served and responded to initial discovery as soon as discovery was able to commence in this case. However, due to unforeseen issues relating to the representation of Plaintiff Yoandry De La Rosa, written discovery responses and depositions have been delayed. Subsequently, this Court granted the Plaintiffs' Unopposed Motion to Withdraw as Counsel for Plaintiff Yoandry De La Rosa [ECF No. 26].

  3. Despite their efforts, issues beyond the Parties' control have resulted in the need to continue the discovery and other deadlines in this matter.

  4. Due to the need to continue the discovery period, the Parties agree to a corresponding continuation of the trial date and the other pre-trial deadlines in this matter.

  5. This is the first request for a continuance of this case. This request is not made for the purpose of causing delays but, rather, to allow justice to be served in this matter.

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 16(b)(4) and S.D. Fla. Local Rules 7.1(a)(1)(G) and 7.1(a)(1)(J), parties must show good cause to modify the Scheduling Order [ECF No. 15] in this case. The decision whether to grant a continuance is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*. 939 F.2d 1472, 1479 (11th Cir. 1991). A court may not deny a continuance when the need for one is warranted. The U.S. Court of Appeals for the Eleventh Circuit considers the following factors when reviewing a decision on a motion to continue:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to

>which the moving party might have suffered harm as a result of the district court's denial.

*Romero v. Drummond Co.*, 552 F.3d 1303, 1370 (11th Cir. 2008) (quoting *Rink v. Cheminova. Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005)). When deciding whether to grant a motion for a continuance, trial courts should consider these factors as well. *See Romero,* 552 F.3d at 1320 ("The district court considered all four factors ....").

In the instant case, good cause and exceptional circumstances exist to extend pretrial deadlines by two months in order to permit both parties to conduct discovery. The Parties have acted with diligence in engaging in serving and responding to written discovery, conferring with each other, and filing this Motion before the current deadline for all fact discovery is to be completed. *See Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (defining diligence, in general, as a party meeting deadlines, asking for a few enlargements of time, and being prepared). Defendant will not be inconvenienced, as the Defendant has agreed to and joined in the continuance. Moreover, the Court will not be inconvenienced as the "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 WL 1833963, at *2 (S.D. Fla. June 25, 2009) (citing *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). Further, the Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Good cause and exceptional circumstances exist to modify the Scheduling Order [ECF No. 15] so that full discovery can be completed to reach a fair result and prevent manifest injustice. *See BP Products N. Am. Inc. v. Super Stop No. 701, Inc.*, No. 08-61301-CIV, 2009 WL 2852780,

at *2 (S.D. Fla. Sept. 1, 2009) (holding that continuance was warranted to allow counsel to take several depositions and concluding that a continuance should be granted "in the interest of justice"). Additionally, an extension of time for the remaining pretrial deadlines will provide both parties with the necessary time to take critical depositions in this case.

## CONCLUSION

WHEREFORE, Plaintiffs, Benjamin Feliz Mateo and Maximo Gutierrez, and Defendant respectfully set forth that a two-month extension of trial and all remaining pretrial deadlines are warranted under the present, exceptional circumstances. For the foregoing reasons, the Court should enter an Order granting this Motion, extending the trial date and pretrial deadlines by two months, as set forth below, as well as any other relief the Court deems equitable, just, and proper. As such, the Parties propose the following pretrial deadlines apply to this case:

| | |
|---|---|
| Discovery Completion Deadline | July 24, 2024 |
| Mediation Completion Deadline | August 7, 2024 |
| Filing of Dispositive Pre-trial Motions and Memoranda of law deadline | August 21, 2024 |
| Filing of Motion in Limine Deadline | October 19, 2024 |
| Filing of Joint Pre-trial Stipulation, Exhibit Lists and Witness Lists deadline | November 13, 2024 |
| Filing of Deposition Designations Deadline | November 13, 2024 |
| Trial Date | January 2025 |

WHEREFORE, Plaintiffs, Benjamin Feliz Mateo and Maximo Gutierrez, and Defendant, Setai Hotel Acquisition, LLC, respectfully request that this Court grant them a two-month continuance of trial and all remaining pretrial deadlines.

4

**VERIFICATION**[1]

I, Kyle T. MacDonald, declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of March 2024.

                                                  */s/ Kyle T. MacDonald*
                                                  Kyle T. MacDonald, Esq.
                                                  Florida Bar No.: 1038749

**VERIFICATION**

I, Eric R. Thompson, declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of March 2024.

                                                  */s/ Eric R. Thompson*
                                                  Eric R. Thompson, Esq.
                                                  Florida Bar No.: 888931

---

[1] Local Rule 7.6 requires motions for a continuance be "supported by affidavit setting forth a full showing of good cause." Accordingly, the parties are filing a verified motion, which "if sworn before a notary or executed in accordance with 28 U.S.C. § 1746, can be treated as an affidavit." *See Morca v. Nico's Transp., Inc.*, No. 08-20184-civ-Gold/McAliley, 2008 WL 11331649, *2 (S.D. Fla. May 8, 2008) (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1444, n. 35 (11th Cir. 1991)).

**Dated**: March 26, 2024

Respectfully submitted,

By: */s/ Kyle MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
E-mail: kyle@dereksmithlaw.com

**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive, Suite O-301
Miami, Florida 33131
Telephone: (305) 946-1884

*Counsel for Plaintiffs*

By: */s/ Eric R. Thompson*
Eric R. Thompson, Esq.
Florida Bar No.: 888931
Robyn T. Symons, Esq.
Florida Bar No.: 356832
E-mail: ethompson@gordonrees.com
E-mail: rsymons@grm.com

**GORDON REES SCULLY MANSUKHANI**
Miami Tower
100 S.E. Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5300
Facsimile: (877) 644-6209

*Counsel for Defendant*