UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-23310-CV-WILLIAMS

YOANDRY DE LA ROSA, *et al.*,

    Plaintiffs,

v.

SETAI HOTEL ACQUISITION LLC,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court *sua sponte*. On March 19, 2024, United States Magistrate Judge Lisette M. Reid entered an Order (DE 26) granting Plaintiffs' counsel's Motion to Withdraw as Counsel for Plaintiff Yoandry De La Rosa ("**Mr. De La Rosa**") (DE 25) and requiring Mr. De La Rosa to retain new counsel by April 18, 2024. Following Mr. De La Rosa's failure to timely retain new counsel, on May 1, 2024, the Court entered a Show Cause Order (DE 30), requiring Mr. De La Rosa to show cause why sanctions, should not be imposed for the failure to comply with the Court's Orders, including dismissal of Mr. De La Rosa's claims for failure to prosecute. Mr. De La Rosa's response to the Show Cause Order (DE 30) was due by May 6, 2024. Mr. De La Rosa did not file a response to the Show Cause Order. Additionally, Mr. De La Rosa has not filed a motion for extension of time to retain counsel or a notice that he wishes to proceed *pro se*.

"A district court has the authority to *sua sponte* dismiss a case under its inherent power to manage its docket . . . . dismiss[ing] an action for failure to comply with local rules, such as those mandating the time for response to motions [or court orders] . . . or for want of prosecution when necessary to maintain the orderly administration of

justice . . . ." *Dynasty Mgmt., LLC v. Alsina*, 2016 WL 9382937, at *2 (S.D. Fla. Oct. 5, 2016) (citations omitted), *aff'd sub nom. Dynasty Mgmt., LLC v. UMG Recordings, Inc.*, 759 F. App'x 784 (11th Cir. 2018); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases' . . . . [and] may dismiss a claim [under Rule 41 of the Federal Rules of Civil Procedure] if the plaintiff fails to prosecute it or comply with a court order."); *Belle v. Wormuth*, 2023 WL 2585005, at *1 (S.D. Ga. Feb. 22, 2023) (recommending dismissal without prejudice based on plaintiff's failure to respond to defendant's motion for summary judgment and the court's order to show cause), *report and recommendation adopted*, 2023 WL 2576758, at *1 (S.D. Ga. Mar. 20, 2023). Because Plaintiff has failed to comply with the Court's Orders,[1] and in the interest of judicial economy and efficient case management, it is **ORDERED AND ADJUDGED** that Plaintiff Yoandry De La Rosa's claims are **DISMISSED** without prejudice based on Mr. De La Rosa's failure to prosecute and noncompliance with Court Orders.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 8th day of May, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] As set forth in the Court's Order of Referral and Notice of Court Practice in Removal Cases (DE 5), "[n]on-compliance with any provision of this [Court's] Order, the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and/or this Court's Practices and Procedures . . . may subject the offending Party to **sanctions**, including **dismissal** of this case."