UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-23310-KMW

YOANDRY DE LA ROSA,
BENJAMIN FELIZ MATEO, and
MAXIMO GUTIERREZ,

      Plaintiffs,

vs.

SETAI HOTEL ACQUISITION LLC,

      Defendant.

_____/

## JOINT MOTION TO FILE UNDER SEAL

The Parties, Plaintiffs, BENJAMIN FELIZ MATEO ("Mateo") and MAXIMO GUTIERREZ[1] ("Gutierrez") (collectively, the "Plaintiffs"), and Defendant, SETAI HOTEL ACQUISITION LLC ("Defendant") (collectively, the Plaintiffs and Defendant are referred to as the "Parties"), by and through their respective undersigned counsel and pursuant to Local Rule 5.4(b)(1) and Section III(C) of this Court's Practices and Procedures for Civil Cases, hereby file their Joint Motion to File Under Seal and, in support hereof, state the following:

1.      This case arises out of alleged violations: 1) of 42 U.S.C. § 1981 *et seq.* ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII") for claimed discrimination and hostile work environment (Counts III through VIII of the operative Complaint); and, 2) of the Fair Labor Standards Act ("FLSA") for claimed unpaid tips during Mateo's approximate eleven (11) month employment with Defendant and Gutierrez's less than two (2) months of employment with Defendant (Counts X and XI of the operative Complaint).  [D.E. #11].

---

[1] Plaintiff Yoandry De La Rosa is no longer a party to this case, as his claims (Counts, I, II and IX of the operative Complaint) have been dismissed by the Court pursuant to its May 8, 2024 Order. [D.E. #31].

2.      On April 30, 2024, the Parties attended mediation and resolved all of Plaintiffs' claims.  [D.E. 29].

3.      The Parties subsequently executed a Confidential Settlement Agreement.  As the Parties' settlement includes not only the resolution of Plaintiffs' FLSA claims but also the resolution of their Title VII and Section 1981 discrimination and hostile work environment claims, the latter of which comprised the vast majority of the claims asserted by Plaintiffs in this action, that Agreement includes a confidentiality provision as to the entirety of the Parties' settlement.

4.      Under the FLSA, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by an appropriate Court.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.

5.      To protect the confidentiality to which the Parties agreed, on May 15, 2024, the Parties filed their Joint Motion for Approval of the Parties' Confidential Settlement Agreement Based on an *In-Camera* Inspection and for the Court to Retain Jurisdiction, requesting that: a) the Parties be permitted to provide a copy of the Confidential Settlement Agreement via email to the Court's Chambers for *in-camera* review; and, b) the Court approve the terms of that Agreement.  [D.E. #33].  Contemporaneously with the filing that Motion, the Parties sent a copy of their Confidential Settlement Agreement to the Court via email.

6.      On May 17, 2024, the Court entered its Paperless Order striking the Parties' Motion to Approve.  [D.E. #34].  In its Order, the Court ruled, in pertinent part, that, "[i]f the Parties have to file their settlement agreement under seal, they shall file a motion in compliance with the Local

Rules for the Southern District of Florida and this Court's Practices and Procedures, outlining the basis for their request." *Id.*

7.      Although Plaintiffs each allege an FLSA claim (for claimed unpaid tips[2] during their relatively brief employment with Defendant), the vast majority of Plaintiffs' claims (six (6) of the eight (8) counts asserted by Plaintiffs in their operative Complaint) are non-FLSA related discrimination and retaliation claims.  The settlement of non-FLSA related discrimination and retaliation claim is often negotiated upon confidential terms, as was the case herein.  Accordingly, the Parties' Confidential Settlement Agreement includes a confidentiality provision as to the Parties' settlement (most notably, as to the dollar amount of that settlement) as well as a provision indicating that, in light of that agreed-upon confidentiality, the Parties would seek to file that Agreement with this Court in a manner such that the Agreement would not be publicly available. Thus, the Parties file the instant Motion seeking to file an un-redacted copy of their Confidential Settlement Agreement under seal.

8.      Material filed in connection with any substantive motion or pleading is subject to the common law right of access.  *See Fort Myers Div. Arthrex, Inc. v. Parcus Med., LLC*, Case No: 2:11-cv-694-FtM-29CM, 2014 U.S. Dist. LEXIS 53500, *12-13 (M.D. Fla. 2014).  However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* (*citing Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)).  The court may consider various factors including: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to

_____

[2] Plaintiffs do not claim that they were paid no tips while working for Defendant; rather, Plaintiffs allege that they were not paid all of the tips to which they claim they were entitled.

the information; (5) whether the information concerns public officials or public concerns; (6) and the availability of a less onerous alternative to sealing the documents. *Romero*, 480 F.3d at 1246.

9.      According to Local Rule 5.4(a), "proceedings in the United States District Court are public and Court filings are matters of public record." The sealing proponent may overcome this common law right of access by showing good cause, *i.e.*, that the balance tips in its favor to keep the material sealed and against the public's common law right of access." *Guar. Ins. Co. v. Hefferman Ins. Brokers*, 2014 U.S. Dist. LEXIS 146840, at *2 (S.D. Fla. Oct. 15, 2014). A party seeking to make a filing under seal in a civil cause shall file a motion to seal "that sets forth the factual and legal basis for departing from the policy that Court filings be public and that describe the proposed sealed filing with as much particularity as possible without revealing the confidential information." *See* Local Rule 5.4(b)(1).

10.     As the vast majority of the claims resolved by the Parties' Confidential Settlement Agreement are non-FLSA claims, a central aspect of the Parties' Agreement was a reciprocal confidentiality provision (most notably as to the dollar amount to be paid by Defendant to Plaintiffs). Accordingly, if the Parties were required to file an un-redacted copy of that Agreement on the Court's docket - and, thereby, disclose the confidential amount that Defendant agreed to pay to Plaintiffs - Defendant would be substantially injured, as it would lose the benefit of the confidentiality provision for which it, in part, agreed to the subject settlement. As such, that confidentiality is a legitimate privacy interest of Defendant. On the other hand, there is no countervailing public concern in requiring the public disclosure of the dollar amount of the Parties' settlement arising from mostly non-FLSA related claims. In that same regard, filing an un-redacted copy of the Agreement under Seal will not impair any Court functions, as the Court will

4

still be able to sufficiently assess the Parties' Agreement in determining whether to approving that Agreement.

11.     Accordingly, the Parties  respectfully request that the Court permit them to: a) file an un-redacted copy of their Confidential Settlement Agreement under seal; and, b) subsequently file a Motion to Approve that Agreement.

12.      In accordance with Section III(C) of this Court's Practices and Procedures for Civil Cases, the instant Motion is accompanied by a redacted version of the Settlement Agreement (redacted as to the dollar amount of the Parties' settlement), attached hereto as **Exhibit 1**.

13.     The Parties propose that the duration of the seal last two (2) years, until May 23, 2026.

14.     In the event that the Court denies the instant Motion, the Parties request that the Court permit the Parties to: a) submit to the Court (in connection with their request for approval of their settlement) a Settlement Agreement directed only to Plaintiffs' FLSA claims; and, b) refrain from submitting to the Court (in connection with their request for approval of their settlement) a separate, confidential Settlement Agreement directed to Plaintiffs' non-FLSA claims.

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion to File Under Seal and enter an Order: 1) allowing the Parties to file an un-redacted copy of their Confidential Settlement Agreement under seal; 2) or, alternatively, permitting the Parties to submit to the Court a Settlement Agreement directed only to Plaintiffs' FLSA claims and refrain from submitting to the Court a separate, confidential Settlement Agreement directed to Plaintiffs' non-FLSA claims; and, 3) such other relief as the Court deems just and proper.

Respectfully Submitted on this 22nd day of May, 2024.

| | |
|---|---|
| **DEREK SMITH LAW GROUP, PLLC** | **GORDON & REES** |
| *Attorney for Plaintiffs Benjamin* | **SCULLY MANSUKHANI** |
| *Feliz Mateo and Maximo Gutierrez* | *Attorney for Defendant* |
| 520 Brickell Key Drive, Suite O-301 | 100 SE Second Street, Suite 3900 |
| Miami, FL 33131 | Miami, Florida 33131 |
| Tel: 305-946-1884 | Telephone: 305-428-5322 |
| Fax: 305-503-6741 | Facsimile: 877-644-6209 |
| | |
| By:*/s/ Kyle T. MacDonald* | By: */s/ Eric R. Thompson* |
| KYLE T. MACDONALD, ESQ. | ERIC R. THOMPSON, ESQ. |
| Fla. Bar No. 1038749 | Florida Bar No. 0888931 |
| Kyle@dereksmithlaw.com | ethompson@grsm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys identified on the following Service List.

   *s/ Eric R. Thompson*
   Eric R. Thompson, FBN 888931

**Service List**
 Kyle T. MacDonald, Esq.
 Kyle@dereksmithlaw.com
 DEREK SMITH LAW GROUP, PLLC
 701 Brickell Ave., Suite 1310
 Miami, FL 33131
 *Attorneys for Plaintiff*