# EXHIBIT 1

# CONFIDENTIAL SETTLEMENT
# <u>AGREEMENT AND MUTUAL RELEASE</u>

This Confidential Settlement Agreement and Mutual Release (the "Agreement") is entered into between Benjamin Feliz Mateo ("Mateo") and Maximo Gutierrez ("Gutierrez") (collectively and/or individually, "Plaintiffs"), on the one hand, and Setai Hotel Acquisition LLC ("Setai"), on the other, for the purpose of settling any and all claims between them.

**WHEREAS** Mateo was employed by the Setai from August 2021 until July 2022;

**WHEREAS** Gutierrez was employed by the Setai from May 2022 through July 2022;

**WHEREAS**, on or about September 27, 2022, Plaintiffs each filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 510-2022-08384 and Charge No. 510-2022-08383 (collectively, the "Charges"), asserting claims for discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Florida Civil Rights Act of 1992 ("FCRA"), and the Fair Labor Standards Act ("FLSA") against the Setai arising from their employment at the Setai;

**WHEREAS**, on August 29, 2023, Plaintiffs filed a lawsuit against the Setai in the United States District Court for the Southern District of Florida, Case No. 1:23-cv-23310-KMW (the "Lawsuit"). In the Lawsuit: 1) Plaintiffs each assert a race discrimination claim and a related hostile work environment claim under 42 U.SC. §1981 *et seq.* ("Section 1981") as well as a claim under the FLSA for alleged unpaid tips; and, 2) in addition, Mateo asserts a claim for color discrimination and a related hostile work environment claim under Section 1981 as well as a claim for sex discrimination and a related hostile work environment claim under Title VII;

**WHEREAS** the Setai disputes liability for any alleged violation of Section 1981, Title VII, the FLSA, or any other local, state or federal law, or for any other alleged misconduct by the Setai in connection with Plaintiffs' employment with the Setai and/or the termination of that

employment and denies that Plaintiffs are entitled to any damages;

**WHEREAS**, on April 30, 2024, Plaintiffs and the Setai (collectively, the "Parties") attended mediation in the Lawsuit with mediator Karen Evans-Putney, Esq. ("Mediator"). Pursuant to that mediation, the Parties have settled and compromised any and all claims asserted or which could have been asserted in relation to each other with respect to the Charges, the Lawsuit, or otherwise with regard to Plaintiffs' employment with the Setai, upon the terms set forth below;

**WHEREAS,** the Parties agree and understand that this Agreement shall not be construed or invoked in any way as an admission of any liability or wrongdoing by any of the Parties, which liability or wrongdoing is expressly denied by each;

**NOW THEREFORE,** in consideration of the mutual covenants, promises, and conditions herein contained, and for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, intending to be legally bound hereby, the Parties hereto agree as follows:

### SECTION I:  SETTLEMENT AND PAYMENT PROVISIONS

**1.** The Parties hereto settle and compromise any and all claims asserted or which could have been asserted in relation to each other with respect to the Charges, the Lawsuit as well as, more generally, Plaintiffs' employment with the Setai and the termination of that employment.

**2.** In consideration and exchange for the mutual releases contained herein and upon the Parties' execution of this Agreement, the Parties hereto agree that:

    a. the Setai shall pay or cause to be paid on its behalf to Mateo the total amount of ███████████████████████████████████ ████████ (the "Mateo Settlement Funds") to settle any and all claims asserted or which could have been asserted by Mateo in relation to the Charges, the Lawsuit as well as, more generally, Mateo's employment with the Setai and/or the

2

termination of that employment;

  b.  The Mateo Settlement Funds shall be allocated and paid as follows:

    1) ███████████████████████ (less applicable taxes and withholdings) for wages delivered to Mateo's counsel, Derek Smith Law Group, PLLC, and made payable to Mateo within a) twenty (20) days of the Setai receiving a copy of this Agreement executed by Mateo, so long as the Court has approved this Settlement Agreement, as discussed below, by that time; or, b) if the Court has not approved this Settlement Agreement by that time, within seven (7) days of the Court approving this Agreement, for which a W-2 shall be issued;

    2) ███████████████████████ for non-wage damages, including damages for emotional distress, delivered to Mateo's counsel, Derek Smith Law Group, PLLC, and made payable to Mateo within a) twenty (20) days of the Setai receiving a copy of this Agreement executed by Mateo, so long as the Court has approved this Settlement Agreement, as discussed below, by that time; or, b) if the Court has not approved this Settlement Agreement by that time, within seven (7) days of the Court approving this Agreement, for which a 1099 shall be issued; and

    3) ███████████████████████ for other non-wage damages, in particular for attorney's fees and costs, delivered to Mateo's counsel, Derek Smith Law Group, PLLC, and made payable to "Derek Smith Law Group, PLLC" within a) twenty (20) days of the Setai receiving a copy of this Agreement executed by Mateo, so long as the Court has approved this Settlement Agreement, as discussed below, by that time; or, b) if the Court has not approved this Settlement Agreement by that time, within seven (7) days of the Court approving this Agreement, for which a 1099 shall be issued.

  c.  the Setai shall pay or cause to be paid on its behalf to Gutierrez the total amount of ███████████████ (the "Gutierrez Settlement Funds") to settle any and all claims asserted or which could have been asserted by Gutierrez in relation to the Charges, the Lawsuit as well as, more generally, Gutierrez's employment with the Setai

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

and/or the termination of that employment;

    d.    The Gutierrez Settlement Funds shall be allocated and paid as follows:

    1) ▮▮▮▮▮ (less applicable taxes and withholdings) for wages delivered to Gutierrez's counsel, Derek Smith Law Group, PLLC, and made payable to Gutierrez within a) twenty (20) days of the Setai receiving a copy of this Agreement executed by Gutierrez, so long as the Court has approved this Settlement Agreement, as discussed below, by that time; or, b) if the Court has not approved this Settlement Agreement by that time, within seven (7) days of the Court approving this Agreement, for which a W-2 shall be issued;

    2) ▮▮▮▮▮ for non-wage damages, including damages for emotional distress, delivered to Gutierrez's counsel, Derek Smith Law Group, PLLC, and made payable to Gutierrez within a) twenty (20) days of the Setai receiving a copy of this Agreement executed by Gutierrez, so long as the Court has approved this Settlement Agreement, as discussed below, by that time; or, b) if the Court has not approved this Settlement Agreement by that time, within seven (7) days of the Court approving this Agreement, for which a 1099 shall be issued; and

    3) ▮▮▮▮▮ for other non-wage damages, in particular for attorney's fees and costs, delivered to Gutierrez's counsel, Derek Smith Law Group, PLLC, and made payable to "Derek Smith Law Group, PLLC" within a) twenty (20) days of the Setai receiving a copy of this Agreement executed by Gutierrez, so long as the Court has approved this Settlement Agreement, as discussed below, by that time; or, b) if the Court has not approved this Settlement Agreement by that time, within seven (7) days of the Court approving this Agreement, for which a 1099 shall be issued.

    e.    Setai shall ensure that payment of the Mateo Settlement Funds and the Gutierrez Settlement Funds (collectively, the "Settlement Funds") shall be fulfilled by sending the checks issued for the payment of the Settlement Funds to Plaintiffs' counsel by FedEx, United Parcel Service, or national priority delivery service (next-day or second-day-air) with tracking information.

4

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

    f.  Setai shall also pay or cause to be paid the full mediation fee of ▮ ▮ to the Mediator.

    g.  Although the majority of Plaintiffs' claims in the Lawsuit sought relief under Section 1981 and Title VII, the Lawsuit includes claims under the FLSA. Thus, this Settlement Agreement is contingent upon Court approval. As this Settlement Agreement resolves, in part, non-FLSA related claims, and to maintain the confidentiality of this Agreement, as set forth in Paragraph 20 below, the Parties agree to, in connection with seeking Court approval of this Agreement, seek leave of Court to file this Settlement Agreement under seal or otherwise confidentially for an *in camera* inspection by the Court.

    h.  Plaintiff shall file in the Lawsuit a stipulation for dismissal with prejudice of their claims against the Setai within seven (7) days of the Court's approval of this Settlement Agreement (if those claims are not dismissed with prejudice by the Court pursuant to its Order approving this Agreement).

    i.  Plaintiffs agree that they shall not, at any time hereafter, accept any recovery against the Setai or the Released Parties, as hereinafter defined, in connection with any action, suit, proceeding, investigation, complaint, claim, grievance or charge filed with any court, administrative agency, arbitrator or any other body or person, whether Federal, State, contractual, or otherwise, or aid or assist others in obtaining recovery pursuant to any such action, suit, proceeding, investigation, complaint, claim, grievance or charge on their behalves, based in whole or in part upon, or arising out of or in any way connected with, any of the claims released or any of the matters referred to in this Agreement. Plaintiffs further agree to indemnify and hold the Setai, the Released Parties, and/or any of

their representatives and/or affiliates harmless from and against any and all attempts to obtain recovery against the Setai or the Released Parties, as hereinafter defined, in connection with any claims, demands, causes of action, damages or liability of any kind, including the cost of defense and reasonable attorney's fees, arising out of or in connection with any action, suit, proceeding, investigation, complaint, claim, grievance or charge commenced, maintained, or prosecuted by Plaintiffs or on their behalves against the Setai or the Released Parties, as hereinafter defined; and

j.  Plaintiffs shall not knowingly make an application for employment with the Setai or the Released Parties, as hereinafter defined.

### SECTION II: MUTUAL RELEASE

**3.**  For and in the consideration of the mutual covenants, promises, and conditions herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, Plaintiffs and their respective personal representatives, heirs, successors and assigns and all of them (collectively referred to herein as the "Releasors") irrevocably release and forever discharge the Setai and each and all of the Setai's current and former officers, directors, members, affiliates, related entities, parent entities, subsidiaries, employees, agents, independent contractors, subcontractors, servants, representatives, insurers (including, but not limited to, Markel Corporation), reinsurers, personal representatives, heirs, successors and assigns and all of them (collectively referred to herein as the "Released Parties") of and from any and all actual or alleged claims, demands, causes of action, lawsuits, liens, subrogated interests, debts, dues, losses, obligations, liabilities, costs, expenses, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, variances, trespasses, damages, judgments, and injuries of any kind or character whatsoever, whether known or unknown,

6

suspected or unsuspected, foreseen or unforeseen, arising in equity, contract, and/or statute, which Plaintiffs now have or claim to have, or which may at any time hereafter accrue, for attorney's fees, costs, expenses, damages, settlements, awards, verdicts or losses related to, in connection with, arising out of, or directly or indirectly attributable to the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment, and/or any of the claims, causes of action, allegations, facts and/or circumstances set forth or which relate to, directly or indirectly, the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment, or any other claim flowing from, related to, arising out of in connection with, or in consequence of the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment and for any other claim which Plaintiffs could have raised against any of the Released Parties from the beginning of time to the date of this Agreement, whether or not relating to the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment. The Release by Plaintiffs of the Released Parties includes, but is not limited to:

    a. Any and all claims for damages, salary, wages, compensation, tips, overtime compensation, monetary relief, employment, benefits, including, but not limited to, any claims for benefits under any employment contract, employee benefit plan or any retirement plan, profit-sharing, capital stock, bonuses, merit and longevity increases, and all other benefits of all kind, earnings, backpay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, home foreclosure, pain and suffering, being made whole, injunctive and declaratory relief, interest, attorney's fees, and costs.

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

b.  Any and all claims growing out of, resulting from, related to, or connected in any way to the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment, including, for example, any and all claims for violation of the Age Discrimination in Employment Act of 1967, Title VII, the Florida Civil Rights Act, handicap or disability discrimination, national origin discrimination, race discrimination, color discrimination, age discrimination, sex discrimination, harassment of any kind, including sexual harassment, retaliation, unequal pay, whistle-blowing, breach of contract, breach of the covenant of good faith and fair dealing, rescission, promises, claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), torts of all kind, including, but not limited to, misrepresentation, negligent or otherwise, fraud, spoliation, defamation, libel, battery, assault, slander, intentional infliction of emotional distress, workers' compensation, workers' compensation retaliation, interference with an advantageous business relationship, negligent hiring, negligent retention, discrimination, COBRA, Section 1981, Florida's Whistleblower Act, Fla. Stat. §448.101 *et seq.*, the FLSA, the Family Medical Leave Act, the Occupational Safety and Health Act, standards of The Centers for Disease Control and Prevention, the Americans with Disabilities Act of 1990, as amended by 42 U.S.C. §12101, *et seq.*, and any other claim of any kind.

4.  For and in the consideration of the mutual covenants, promises, and conditions herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, the Released Parties irrevocably release and forever discharge the Releasors of and from any and all actual or alleged claims, demands, causes of action, lawsuits, liens, subrogated interests, debts, dues, losses, obligations, liabilities, costs, expenses, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, variances,

trespasses, damages, judgments, and injuries of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, arising in equity, contract, and/or statute, which the Setai now has or claims to have, or which may at any time hereafter accrue, for attorney's fees, costs, expenses, damages, settlements, awards, verdicts or losses related to, in connection with, arising out of, or directly or indirectly attributable to the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment and/or any of the claims, causes of action, allegations, facts and/or circumstances related to the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment, or any other claim flowing from, related to, arising out of in connection with, or in consequence of the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment and for any other claim which the Setai could have raised against any of the Releasors from the beginning of time to the date of this Agreement.

5. Plaintiffs expressly stipulate that the monies and benefits specified above constitute adequate consideration for the rights and claims against the Released Parties that they are waiving under this Agreement and for the obligations imposed upon them by virtue of this Agreement.

6. Plaintiffs understand and agree that they would not receive the monies and/or benefits specified above except for their execution of this Agreement and the fulfillment of the promises contained herein and that their receipt of those monies and/or benefits is conditioned upon their execution of and faithful compliance with this Agreement.

7. Plaintiffs agree that the consideration set forth above constitutes the entire consideration provided to them under this Agreement and that they shall not seek any further compensation or consideration from the Released Parties, or any of them, or from any other person

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

and/or entity for any other claimed damages, costs or attorney's fees in connection with the claims encompassed and released by this Agreement.

8. Plaintiffs acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to the aforesaid released claims relating to their employment with the Setai and the termination of that employment and agree that this Agreement shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

## SECTION III: GENERAL MATTERS

9. The wording of this Agreement has been reviewed and accepted by the Parties and their counsel prior to it being signed, and no party is entitled to have any wording of this Agreement construed against the other party in the event of any dispute arising between them in connection with this Agreement.

10. This Agreement and any proceedings in connection herewith are not, and shall not be construed or invoked as, an admission of any liability or wrongdoing by any of the Parties or as an admission as to the validity of any claim that was asserted or that could have been asserted against any of the Parties with respect to any of the matters released in this Agreement.

11. Each of the Parties hereto has entered into this Agreement freely and voluntarily and after having the opportunity to consult with counsel regarding its contents. The Parties appreciate and understand the terms hereto and are fully satisfied with the terms set forth herein.

12. This Agreement is intended to confer rights and benefits only on the Parties to this Agreement. No entity or person other than the Parties shall have any legally enforceable rights under this Agreement or by reason of its existence, other than as explicitly set forth herein.

13. The Parties represent and warrant that they have not assigned or transferred or purported to assign or transfer or will assign or transfer to anyone any claims, demands, actions or

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

causes of action arising out of, based on, or relating to any of the claims released hereunder.

14. Each of the Parties is responsible for his or its own attorney's fees and costs incurred in connection with the Charges, the Lawsuit, as well as, more generally, Plaintiffs' employment with the Setai and/or the termination of that employment and has no claim against any other of the Parties for attorney's fees or costs incurred in connection therewith. (This paragraph of the Agreement does not bar application for attorney's fees and costs in the event any of the Parties is required to move to compel enforcement of this Agreement as set forth in Paragraph No. 19).

15. This Agreement has no precedential value for any purpose whatsoever.

16. This Agreement may not be assigned without prior written consent of all Parties.

17. All notices, documents, and papers to be submitted under this Agreement shall be submitted as follows:

As to Plaintiffs:

c/o   Kyle T. MacDonald, Esq.
      Derek Smith Law Group, PLLC
      520 Brickell Key Drive, Suite O-301
      Miami, FL 33131

As to the Setai:

c/o   Eric R. Thompson, Esq.
      Gordon & Rees Scully Mansukhani
      Miami Tower
      101 S.E. Second Street, Suite 3900
      Miami, FL 33131

18. This Agreement shall be governed by the procedural laws of the United States District Court for the Southern District of Florida and substantive laws of the State of Florida, regardless of choice of law principles. The Parties agree that the United States District Court for the Southern District of Florida shall retain jurisdiction over this Agreement and that any future

11

legal proceeding arising out of this Agreement shall be instituted in the United States District Court for the Southern District of Florida.

19. In the event that any action between these Parties is necessary to enforce the terms and conditions of this Agreement, the prevailing party shall be entitled to the recovery of reasonable attorney's fees and costs from the losing party.

20. The Parties covenant and agree that they have and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any person, though they may provide this Agreement to their attorneys, agents, accountants, tax advisors, and/or spouse or domestic partner, provided they instruct each and obtain from each their agreement to maintain the confidentiality provided herein. The Parties further agree that neither the Parties nor the Parties' present or future representatives, attorneys or agents shall issue any publicity release or otherwise publicize, communicate, reveal or give out in any manner other than in judicial proceedings or, as required by law, the terms of this Agreement, except as necessary in the course of preparing benefit or tax documents, except in legal proceedings based on the terms and provisions hereof (including to the extent the Court requires that the Parties publicly file this Agreement notwithstanding the Parties' agreement to request that the entirety of this Agreement be filed with the Court under seal or otherwise confidentiality for an *in camera* inspection to maintain the confidentiality thereof, as set forth in Paragraph 2(g) above) and except to their legal counsel, spouse, domestic partner, and any financial advisor or accountant, provided such individuals are instructed and obligated thereby to maintain such terms in strict confidence to the same degree as Parties and provided any disclosure by them shall be attributable to and the responsibility of Parties hereunder. The Parties hereby understand that nothing contained herein shall preclude them from acknowledging that their dispute has been resolved to their satisfaction. This paragraph is solely intended as an equal and reciprocal obligation as a part of

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

the amicable settlement among the Parties with the reciprocal rights and obligations being the sole consideration therefor.

21. The Parties agree that Plaintiffs are not eligible for rehire. Plaintiffs promise that they will not knowingly seek employment with Setai or the Released Parties. Plaintiffs agree and recognize that their employment relationship with the Setai has been permanently and irrevocably severed, and they will not apply for employment or otherwise seek reemployment with or by the Setai or the Released Parties. Plaintiffs further agree that if they do apply for employment with the Setai or the Released Parties, the Setai or the Released Parties, as applicable, may reject their application based on this Agreement. Plaintiffs agree that failure to reinstate or hire them in the future will not subject the Setai or the Released Parties to liability of any kind. If contacted by a prospective employer, the Setai and/or its representatives will provide the prospective employer with a neutral reference stating only Plaintiffs' dates of employment with the Setai and their positions. Setai and/or its representatives further agree to refrain from directly or in any way implying Plaintiffs were terminated from employment.

22. Plaintiffs agree to refrain from making any materially untrue disparaging statements about the Setai or the Released Parties.

23. Plaintiffs promise and agree that they will refrain from voluntarily participating in private litigation or threatened private litigation brought by other persons against the Setai and/or any of the Released Parties arising out of or relating to the claims released in this Agreement, and will also refrain from voluntarily providing assistance of any type to any party in connection with any pending or threatened private litigation by any other person(s) against the Setai and/or any of the Released Parties arising out of or relating to the claims released in this Agreement. In the event that either of Plaintiffs is served with a subpoena in connection with any matter involving the Setai and/or any of the Released Parties as a party, Plaintiffs, as applicable, will provide notice to the

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

Setai and/or the Released Parties, as applicable, as soon as practicable after receipt of the subpoena. Any such notice shall be sent to the Setai and/or the Released Parties c/o Eric R. Thompson, Esq., at Gordon & Rees Scully Mansukhani, Miami Tower, 101 S.E. Second Street, Suite 3900, Miami, Florida 33131. Nothing herein prohibits Plaintiffs from complying with a legally served subpoena or other process.

**24.** It is expressly understood and agreed by Plaintiffs that the Setai does not represent or guarantee that taxes should not be paid on any portion of the Settlement Funds. Plaintiffs further acknowledge that it is their responsibility to make the necessary tax payments, if any may be required, and they agree to indemnify and hold the Setai harmless with respect to any amounts which should have been paid by Plaintiffs of their counsel. Plaintiffs further agree to indemnify, defend, and hold the Setai harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against Plaintiffs for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by Plaintiffs by reason of any such claims, including any amounts paid by Plaintiffs as taxes, deficiencies, levies, assessments, fines, penalties, interest or otherwise. To the extent that this Agreement or any part hereof is deemed to be a nonqualified deferred compensation plan subject to Section 409A of the Internal Revenue Code of 1986, as amended, and the regulations and guidance promulgated thereunder, (1) the provisions of this Agreement shall be interpreted in a manner to comply in good faith with Section 409A, and (ii) the Parties agree to amend this Agreement, if necessary, for the purposes of complying with Section 409A promptly upon issuance of any regulations or guidance thereunder, provided that any such amendment shall not materially change the present value of the benefits payable to Plaintiffs hereunder or otherwise materially and adversely affect the Releasors or the Released Parties without the consent of any such party.

Doc ID: 56039c8f56f8108e3f5ee124769a218290adf0c2

25. Plaintiffs represent that they have not sought, applied for, received, or been declined any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection with their claimed damages. Plaintiffs represent that they do not, in the future, intend to seek, apply for or receive any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection with their claimed damages. In the event that Plaintiffs have received in the past or receive in the future any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection with their claimed damages, Plaintiffs have the sole and exclusive responsibility to satisfy any payment, repayment or lien obligations in connection therewith; and, further, Plaintiffs expressly release the Setai and its insurers from any such payment, repayment or lien obligations; and, further still, Plaintiffs shall defend, indemnify and hold harmless the Setai and its insurers in connection therewith. The Setai and its insurers assume no further liability to Plaintiffs or any third parties, including, but not limited to, amounts due to any and all health care providers or persons furnishing services to Plaintiffs of any nature whatsoever.

26. This Agreement is the complete, final and integrated agreement between the Parties as respects the matters herein. The Parties agree that all prior negotiations and understandings between the Parties concerning the subject matter of this Agreement have been merged herein. This Agreement may be executed in duplicate to allow each party to sign simultaneously and to allow each party to have an original Agreement with each being treated as the original. A duplicate of the Agreement containing one or more photocopied signatures will be treated as an original for all purposes, so that each party will need to sign the Agreement only once. This Agreement may only be changed or amended by a writing signed by each of the Parties hereto.

27. The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision

shall be modified to the extent necessary to make it legal, valid and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims the Parties may have against each other.

28. A través del siguiente, admito que este acuerdo fue leído, traducido, y explicado a mi en español para mi beneficio; he tenido oportunidad de hacer preguntas sobre los términos de este acuerdo; y he entendido completamente los términos de este acuerdo.

**IN WITNESS WHEREOF,** the Parties have caused this Agreement to be executed by their respective representatives duly authorized as of the date below:

Dated: 05 / 10 / 2024

**BENJAMIN FELIZ MATEO**

Dated: 05 / 10 / 2024

**MAXIMO GUTIERREZ**

Dated: 05/09/2024

SETAI HOTEL ACQUISITION LLC

By: _____

Salem Monnayyer, Manager

Printed Name & Title

16