UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-23310-KMW

YOANDRY DE LA ROSA,
BENJAMIN FELIZ MATEO, and
MAXIMO GUTIERREZ,

    Plaintiffs,
vs.

SETAI HOTEL ACQUISITION LLC,

    Defendant.
_____/

## RENEWED JOINT MOTION FOR APPROVAL OF THE PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT

The Parties, Plaintiffs, BENJAMIN FELIZ MATEO ("Mateo") and MAXIMO GUTIERREZ[1] ("Gutierrez") (collectively, the "Plaintiffs"), and Defendant, SETAI HOTEL ACQUISITION LLC ("Defendant") (collectively, the Plaintiffs and Defendant are referred to as the "Parties"), by and through their respective undersigned counsel, file this Renewed Joint Motion for Approval of the Parties' Confidential Settlement Agreement, and respectfully state as follows:

1.    This case arises out of alleged violations: 1) of 42 U.S.C. § 1981 *et seq.* ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII") for claimed discrimination and hostile work environment (Counts III through VIII of the operative Complaint); and, 2) of the Fair Labor Standards Act ("FLSA") for claimed unpaid tips (Counts X and XI of the operative Complaint). [D.E. #11].

2.    Under the FLSA, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by an appropriate Court. *Lynn's Food Stores, Inc. v.*

---

[1] Plaintiff Yoandry De La Rosa is no longer a party to this case, as his claims (Counts, I, II and IX of the operative Complaint) have been dismissed by the Court pursuant to its May 8, 2024 Order. [D.E. #31].

*United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

3. A bona fide dispute exists between Plaintiffs and Defendant regarding Plaintiffs' claims for unpaid tips under the FLSA. Had the matter not settled, Plaintiffs would have needed additional discovery to explore whether Defendant's defenses were applicable and whether Plaintiffs were entitled to the claimed unpaid tips.

4. On April 30, 2024, the Parties attended mediation and settled both: a) Plaintiffs' non-FLSA related discrimination and retaliation claims (the majority of the counts asserted by Plaintiffs in the operative Complaint); and, b) Plaintiffs' FLSA claims (two (2) of the eight (8) counts asserted by Plaintiffs in the operative Complaint). The Parties settled those claims despite their factual disputes, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation. The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post-trial matters (*i.e.*, appeal, etc.).

5. As the Parties' settlement includes not only the resolution of Plaintiffs' FLSA claims but also the resolution of their Title VII and Section 1981 discrimination and hostile work environment claims, it includes a confidentiality provision as to the entirety of the Parties' settlement. Thus, on May 22, 2024, the Parties filed their Joint Motion to File Under Seal requesting that the Court allow the Parties to file an un-redacted copy of their Confidential Settlement Agreement under seal (in connection with their request for the Court's approval of that

Agreement). [D.E. #35]. On May 28, 2024, the Court entered its Paperless Order granting the Parties' Motion. [D.E. #36]. Accordingly, the Parties have filed an un-redacted copy of their Confidential Settlement Agreement under seal. [D.E. #37].[2]

6. Counsel have zealously represented their respective clients' interests and, through mediation, have negotiated a settlement that is acceptable to Plaintiffs and Defendant. The Parties are each represented by experienced counsel in this action, and the Parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiffs' claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

7. As per the Confidential Settlement Agreement, the Parties agree that each party shall bear his/its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the said Parties respectfully request that the Court enter an Order approving the terms of their Confidential Settlement Agreement.

---

[2] Prior to filing their Motion to Seal, on May 15, 2024, the Parties' filed their original Joint Motion for Approval of the Parties' Confidential Settlement Agreement Based on an *In-Camera* Inspection, requesting that the Court permit the Parties to submit their Settlement Agreement confidentially to the Court via email. [D.E. #33]. On May 17, 2024, the Court entered its Paperless Order striking that Motion and directing the Parties to file a motion to file their Agreement under seal if they desired to submit their Agreement to the Court confidentially. [D.E. #34].

Respectfully Submitted on this 29th day of May, 2024.

| | |
|---|---|
| **DEREK SMITH LAW GROUP, PLLC** | **GORDON REES SCULLY MANSUKHANI** |
| *Attorney for Plaintiffs Benjamin Feliz Mateo and Maximo Gutierrez* | *Attorney for Defendant* |
| 520 Brickell Key Drive, Suite O-301 | 100 SE Second Street, Suite 3900 |
| Miami, FL 33131 | Miami, Florida 33131 |
| Tel: 305-946-1884 | Telephone: 305-428-5312 |
| Fax: 305-503-6741 | Facsimile: 877-644-6209 |
| | |
| By:/s/ *Kyle T. MacDonald* | By: /s/ *Eric R. Thompson* |
| KYLE T. MACDONALD, ESQ. | ERIC R. THOMPSON, ESQ. |
| Fla. Bar No. 1038749 | Florida Bar No. 0888931 |
| Kyle@dereksmithlaw.com | ethompson@grsm.com |